UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| DAN WALTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 6:23-cv-00411-WWB-DCI |
| v. ) | |
| ) | |
| OLD DOMINION FREIGHT LINE, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE**

**I.    INTRODUCTION**

Plaintiff Dan Waltz ("Plaintiff") and Defendant Old Dominion Freight Line, Inc. ("Defendant") (collectively, the "Parties") jointly notify the Court that they have resolved this action and all claims alleged in Plaintiff's Complaint, and hereby stipulate to the voluntary dismissal with prejudice of this case in its entirety under Fed. R. Civ. P. 41(a), subject to the conditions agreed upon by the Parties and explained in detail herein.

Given Plaintiff's Complaint alleges causes of action arising under the Fair Labor Standards Act ("FLSA"), the Parties also jointly move the Court for an Order (1) approving the Parties' Settlement Agreement, attached hereto as Exhibit A; (2) administratively closing the case for 30 days to allow the Parties to complete the settlement, including agreed upon payments, and during which time either Party may, if the other Party breaches, reopen the case to enforce the Settlement Agreement or to proceed with the litigation of the case; and (3) providing that all claims brought or that could have been brought in the case shall be automatically dismissed, with prejudice at the conclusion of the 30 day period, if neither Party moves to reopen the case.

## II. PROCEDURAL BACKGROUND

Plaintiff filed the Complaint on February 16, 2023, alleging failure to pay overtime wages, in violation of the FLSA. (Dkt. 1.) On March 7, 2023, Defendant removed the Complaint to this Court. (Dkt. 1.)

Thereafter, the Parties, through counsel, engaged in significant fact discovery, as well as settlement negotiations. The Parties have reached an agreement to settle this case, and now seek the Court's approval of the negotiated Settlement Agreement, as well as an Order governing the final resolution of this case.

## III. STANDARD FOR SETTLEMENT APPROVAL

An employee may settle and release FLSA claims against his former employer where the parties present the district court with a proposed settlement, and the district court enters an Order approving same. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Indeed, district courts are authorized to approve settlements of FLSA claims where the proposed settlement agreement reflects a reasonable compromise resolving the issues in dispute, including but not limited to the applicability of FLSA coverage and/or computation of back wages owed, if any. *Id.* at 1354.

## IV. THE COURT SHOULD APPROVE THE PARTIES' SETTLEMENT AGREEMENT

Plaintiff contends that he is owed approximately $2,500.00 in unpaid wages, as well as an equal amount in liquidated damages. The Parties have agreed to a settlement, inclusive of attorney fees and costs, that represents a reasonable compromise of the legal and factual issues in dispute.[1]

---

[1] The settlement proceeds, attorney fees, and costs are described in the settlement agreement that the Parties submit for this Court's approval.

The Parties agree that this case involves disputed issues of fact and law. Specifically, Plaintiff alleges, among other things, that he was improperly denied overtime wages, in violation of the FLSA. In contrast, Defendant contends that Plaintiff was properly classified as exempt from the FLSA's overtime provisions under the Motor Carrier Exemption (29 U.S.C. § 213(b)(1)) ("MCE"), and that Plaintiff was properly paid for all hours worked. Moreover, Defendant further contends that, if Plaintiff was not properly classified as exempt under the MCE, Plaintiff cannot recover liquidated damages because Defendant is entitled to the good faith defense.

Given the existence of disputed issues of fact and law, a jury could come to different conclusions regarding whether Plaintiff was properly classified as exempt under the MCE and, if not, whether Plaintiff can recover liquidated damages. Thus, the Settlement Agreement entered into between the Parties is reasonable; the disputed issues of fact and law would have resulted in undue expense for both Parties, including but not limited to additional fact discovery and depositions, cross-motions for summary judgment, and a trial on the merits. The Settlement Agreement renders those concerns moot.

Moreover, the Parties were represented by experienced counsel through this litigation, and pursuant to the Settlement Agreement, Plaintiff will voluntarily release all claims against Defendant in exchange for sufficient consideration.

## V.   THE COURT SHOULD DISMISS THE CASE AS FOLLOWS

When approving the Parties' Settlement Agreement, the Court should also issue an Order administratively closing the case for 30 days to allow the Parties to complete the settlement, including agreed upon payments, and during which time either Party may, if the other Party breaches, reopen the case to enforce the Settlement Agreement or to proceed with the litigation of the case, and further providing that all claims brought or that could have been brought in the case

shall be automatically dismissed, with prejudice at the conclusion of the 30 day period, if neither Party moves to reopen the case.

## VI.  CONCLUSION

Based on the foregoing, the Parties respectfully request that the Court 1) approve the Parties' Settlement Agreement; 2) administratively close the case for 30 days, to allow the Parties to complete the settlement, including agreed upon payments, and during which time either Party may, if the other Party breaches, reopen the case to enforce the Settlement Agreement or to proceed with the litigation of the case; and (3) providing that all claims brought or that could have been brought in the case shall be automatically dismissed, with prejudice at the conclusion of the 30 day period, if neither Party moves to reopen the case.

DATED:  April 21, 2023 　　　　　　　　　　Respectfully submitted,

<table>
<tr><td>By: /s/ Brandon J. Hill<br>BRANDON J. HILL<br>Florida Bar Number: 0037061<br>WENZEL FENTON CABASSA, P.A.<br>1110 N. Florida Avenue, Suite 300<br>Tampa, Florida 33602<br>Direct Dial: 813-337-7992<br>Main Number: 813-224-0431<br>Facsimile: 813-229-8712<br>bhill@wfclaw.com<br><br>*Counsel for Plaintiff*<br>.</td><td>By: /s/ Cary R. Burke<br>Andrew McKinley<br>Florida Bar No. 122069<br>Cary R. Burke (admitted *pro hac vice*)<br>Ethan Goemann (admitted *pro hac vice*)<br>Seyfarth Shaw LLP<br>1075 Peachtree Street NE<br>Suite 2500<br>Atlanta, Georgia  30309<br>Telephone: (404) 885-1500<br>Facsimile: (404) 892-7056<br>caburke@seyfarth.com<br>egoemann@seyfarth.com<br>amckinley@seyfarth.com<br><br>*Counsel for Defendant*<br>*Old Dominion Freight Line, Inc.*</td></tr>
</table>

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2023, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which automatically sends email notification of such filing to all counsel of record.

By: s/*Cary R. Burke*
Cary R. Burke
*Counsel for Defendant*