UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DAN WALTZ,**

        **Plaintiff,**

**v.**                                          **Case No: 6:23-cv-411-WWB-DCI**

**OLD DOMINION FREIGHT LINE, INC.,**

        **Defendant.**

**ORDER**

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** **Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice (Doc. 22).**
>
> **FILED:** April 21, 2023
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Plaintiff brought this action in state court against Defendant for failure to pay overtime wages in violation of the Fair Labor Standards Act (FLSA). Doc. 1. Defendant removed the action to this Court. *Id.* The parties have filed a Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice. Doc. 22 (the Motion). The parties engaged in settlement negotiations, reached a settlement, and seek approval of the settlement agreement. *Id.* (the Agreement).

In *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer and under section 216(b) to recover back wages for FLSA violations. When employees bring a private action or back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Since the parties have submitted a motion, the Court must scrutinize the attached Agreement to determine if it is a fair and reasonable resolution of a bona fide dispute. *See id*. at 1354-55. The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354.

Here, the parties assert that the Agreement represents a reasonable compromise of the legal and factual issues in dispute in this case. Doc. 22 at 2. The parties explain the nature of the dispute and the reasons for the compromise. *Id*. at 2. As a compromise, Plaintiff agrees to accept $5,500 made payable to Plaintiff and Plaintiff's counsel. Doc. 22-1 at 3-4.[1]

Upon review, it appears that the parties have reached a fair and reasonable compromise with respect to the settlement amount. However, there are a number of problematic provisions in the Agreement that the Motion does not address. First, the Court must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009). The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar

---

[1] The Agreement reflects that Defendant will pay $2,500 as a "one payroll check" made payable to Plaintiff and $3,000 as a "one check" made payable to Plaintiff's counsel for attorney fees and costs. Doc. 22-1 at 3.

method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). The parties do not discuss the lodestar method or address *Bonetti*. *See* Doc. 22. Instead, the Motion states simply that the parties have agreed to a settlement inclusive of fees and costs and includes no additional information. Doc. 22 at 2. The Agreement does not otherwise assist the Court in determining the reasonableness of the attorney fee. *See* 22-1.

Further, the Agreement includes extensive release provisions along with a general release. Doc. 22-1. The presence of a general release is typically found not to affect the fairness and reasonableness of a FLSA settlement *if* the plaintiff is provided separate consideration for the general release. *See Roman v. FSC Clearwater, LLC*, 2017 WL 1653571, at *3 (M.D. Fla. Apr. 21, 2017) (approving a settlement agreement providing $100.00 as separate consideration for a general release) *report and recommendation adopted*, 2017 WL 1552304 (M.D. Fla. May 1, 2017); *Middleton v. Sonic Brands L.L.C.*, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (same).

The parties state in the Motion that "Plaintiff will voluntarily release all claims against Defendant in exchange for sufficient consideration." Doc. 22 at 3. Again, the parties provide no citation to authority or analysis on this issue; do not include any other information regarding the "sufficient consideration;" and the Agreement does not assist the Court in making a reasonableness determination. *See* Docs. 22; 22-1. The Court will not evaluate what the parties deem to be "sufficient" with no details.

Much like the general release provisions, courts within this District have questioned the propriety of non-disparagement and no re-hire clauses on the fairness and reasonableness of an FLSA settlement. *See Weldon v. Backwoods Steakhouse, Inc.*, 2014 WL 4385593, at *4 (M.D.

Fla. Sept. 4, 2014) (noting that non-disparagement clauses are generally rejected in FLSA settlement agreements and citing authority); *Rosado v. Melao Bakery LLC*, 2017 WL 2643982, at *4 (M.D. Fla. May 17, 2017), *report and recommendation adopted*, 2017 WL 2634795 (M.D. Fla. June 19, 2017) (citations omitted). Nevertheless, courts have approved such provisions when separate consideration is given. *See Caamal v. Shelter Mortg. Co., L.L.C.*, 2013 WL 5421955, at *4 (M.D. Fla. Sept. 26, 2013) (approving FLSA settlement providing $500 as separate consideration for a non-disparagement clause).

The parties do not address these provisions in the Motion, but the Agreement includes both at Paragraphs 3.5 and 4. To the extent that no-rehire and non-disparagement provisions are permitted with separate consideration, there is nothing to show that Plaintiff received this benefit. The parties do not address the language in the Motion or provide any authority on the issue.

Finally, the parties request that the Court retain jurisdiction to enforce the terms of settlement. Specifically, the parties move the Court to:

> administratively closing the case for 30 days to allow the Parties to complete the settlement, including agreed upon payments, and during which time either Party may, if the other Party breaches, reopen the case to enforce the Settlement Agreement or to proceed with the litigation of the case. . .

Doc. 22 at 1. Courts in this District routinely deny requests to retain jurisdiction to enforce the terms of an FLSA settlement. *See, e.g., Correa v. Goldblatt*, 2011 WL 4596224, at *3 (M.D. Fla. Sept. 9, 2011) (denying request to retain jurisdiction to enforce terms of FLSA settlement agreement due to the absence of any compelling reason to retain jurisdiction), *report and recommendation adopted*, 2011 WL 4704196 (M.D. Fla. Oct. 4, 2011); *Smither v. Dophin Pools of SW Fla., Inc.*, 2011 WL 2565494, at *2 (M.D. Fla. June 9, 2011) (denying request to retain jurisdiction to enforce terms of FLSA settlement agreement due to the parties failure to present

arguments or reasons in support of retaining jurisdiction), *report and recommendation adopted*, 2011 WL 2580459 (M.D. Fla. June 29, 2011).

The Plaintiffs do not address the retention of jurisdiction in the substance of the Motion and only include it as part of the request for relief. As such, the Motion lacks a memorandum of legal authority or any compelling argument to warrant the relief.

Overall, the Motion is completely devoid of any analysis or citation to authority to support the requested relief. Pointing the Court to the attached Agreement does not satisfy the parties' burden under Local Rule 3.01(a). While there is a strong presumption in favor of settlement, the Agreement includes several provisions that call into question the fairness and reasonableness of the settlement, and the Motion is wholly insufficient to assuage the Court's concerns.

Based on the foregoing, the Motion (Doc. 22) is **DENIED without prejudice**.

**ORDERED** in Orlando, Florida on May 2, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE